UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DIEGO VELASQUEZ YEPES,

                     Petitioner,         **MEMORANDUM AND ORDER**

       -against-                             09 Civ. 5381 (BMC)

UNITED STATES OF AMERICA,

                     Respondent.
----------------------------------------------------------X
**COGAN**, District Judge:

Petitioner Diego Velasquez Yepes, a prisoner presently confined at the Metropolitan Detention Center ("MDC"), Brooklyn, brings this *pro se* motion for immediate deportation. On November 30, 2009, judgment was entered against petitioner in his criminal case sentencing him to 48 months imprisonment followed by five years of supervised release. United States v. Yepes, 07 CR 99-2 (E.D.N.Y. Nov. 30, 2009). Petitioner filed a notice of appeal on December 8, 2009. The motion is denied as set forth below.

## DISCUSSION

Petitioner moves pursuant to 8 U.S.C. §1252(h)(2)(a)[1] for immediate deportation alleging he is eligible for such relief because he pled guilty to a non-violent offense. Section 1231(a)(4)(B) provides that the Attorney General "is authorized to remove an alien . . . before the alien has completed a sentence of imprisonment . . . if the Attorney General determines that (I) the alien is confined pursuant to a final conviction for a nonviolent offense . . . and (II) removal of the alien is appropriate and in the best interest of the United States." Thus, it is the

---

[1] Section 1252(h)(2)(a) was amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and is codified as 8 U.S.C. § 1231(a)(4).

Attorney General and not this Court who possesses the discretion to grant petitioner the relief he seeks. Thye v. United States, 109 F.3d 127, 128 (2d Cir. 1997).

Moreover, it is well-settled that petitioner has no private right of action to compel the Attorney General to deport or remove him from the United States before the completion of his sentence. 8 U.S.C. § 1231(a)(4)(D); Thye, 109 F.3d at 128; Lynch v. United States, 07 CR 829, 2009 WL 2045382, at *1 (E.D.N.Y. July 8, 2009); Ndike v. United States, 08 CV 1211, 2008 WL 4790943, at *1 (E.D.N.Y. Oct. 31, 2008) (denying motion for immediate removal); Gil v. United States, 07 CV 3166, 2007 WL 2293442, at *1 (E.D.N.Y. Aug. 9, 2007) (same).

## CONCLUSION

Accordingly, petitioner's motion for immediate deportation is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mark this case closed.

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
U.S.D.J.

Dated: Brooklyn, New York
December 16, 2009